IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RICHARD NINEMIRES,                      )
                                        )
                Plaintiff,              )
                                        )    CIVIL ACTION
v.                                      )
                                        )    No. 07-2007-KHV-JTR
                                        )
MICHAEL J. ASTRUE,[1]                   )
Commissioner of Social Security,        )
                                        )
                Defendant.              )
_____ )


REPORT AND RECOMMENDATION


Plaintiff seeks review of a final decision of the
Commissioner of Social Security (hereinafter Commissioner)
denying disability insurance benefits and supplemental security
income under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the
Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and
1382c(a)(3)(A)(hereinafter the Act).  The matter has been
referred to this court for a report and recommendation.  The
court recommends the Commissioner's decision be REVERSED and
JUDGMENT be entered REMANDING the case for further proceedings.

_____

[1]On Feb. 12, 2007, Michael J. Astrue was sworn in as
Commissioner of Social Security.  In accordance with Rule
25(d)(1) of the Federal Rules of Civil Procedure, Mr. Astrue is
substituted for Commissioner Jo Anne B. Barnhart as the
defendant.  In accordance with the last sentence of 42 U.S.C.
§ 405(g), no further action is necessary.

I.   **Background**

Plaintiff's application for disability insurance benefits was denied initially and upon reconsideration, and plaintiff made a timely request for a hearing before an Administrative Law Judge (ALJ). (R. 17, 25, 26, 40-41, 211, 217). On May 9, 2006 a hearing was held at which plaintiff was represented by an attorney. (R. 237-76). At the hearing, plaintiff, plaintiff's girlfriend, and a vocational expert testified. (R. 237-38). The ALJ issued a decision on May 25, 2006 in which he found that plaintiff is not disabled and denied his applications. (R. 17-24).

The ALJ found that plaintiff has a severe combination of impairments consisting of degenerative joint disease and osteoarthritis, but that the severity of the impairments does not meet or equal Listing 1.02 for major dysfunction of a joint. (R. 19-20). He assessed plaintiff with the residual functional capacity (RFC) for a range of sedentary work in which plaintiff must be given jobs with an option to sit or stand at will where such an option would not materially affect the ability to do the work. (R. 20). In assessing plaintiff's RFC, the ALJ discussed the opinions of plaintiff's primary care physician, Dr. Rosa; of Drs. Sinning and Ebelke, who had treated plaintiff; of Drs. Belville and Kopravica who had examined plaintiff and prepared reports; and of the state agency physicians who had reviewed the

-2-

record for the agency at the initial and reconsideration levels of review.  (R. 20-21).  He also evaluated plaintiff's allegations of disabling symptoms and stated eight reasons for finding those allegations are only partly credible.  (R. 21-22). Considering the RFC assessed, the ALJ determined that plaintiff is unable to perform his past relevant work.  (R. 22). Considering plaintiff's age, education, work experience, and RFC, the ALJ found plaintiff is able to perform jobs existing in significant numbers in the economy.  (R. 23).  He noted the vocational expert had testified of three representative occupations of which a person of plaintiff's age, education, work experience, and RFC would be capable, including work as a printed circuit board assembler (DOT # 762.684-110), a production checker (DOT # 669.697-014), or a food and beverage order clerk (DOT # 201.567-014).  Id.  He found that the vocational expert's testimony is consistent with the Dictionary of Occupational Titles and the Selected Characteristics of Occupations, and that the expert based her testimony regarding the availability of a sit/stand option on personal experience.  Id.  Consequently, the ALJ determined plaintiff is not disabled within the meaning of the Act, and denied his applications.  (R. 23-24).

Plaintiff disagreed with the ALJ's decision, requested review by the Appeals Council, and submitted additional evidence for the Appeals Council's review.  (R. 222-36).  The additional

evidence was made a part of the administrative record, but
plaintiff's request for review was denied.  (R. 8-12).
Therefore, the ALJ decision is the final decision of the
Commissioner.  (R. 8); Threet v. Barnhart, 353 F.3d 1185, 1187
(10th Cir. 2003).  Plaintiff now seeks judicial review.

## II.  Legal Standard

The court's review is guided by the Act.  42 U.S.C.
§§ 405(g), 1383(c)(3).  Section 405(g) provides, "The findings of
the Commissioner as to any fact, if supported by substantial
evidence, shall be conclusive."  The court must determine whether
the factual findings are supported by substantial evidence in the
record and whether the ALJ applied the correct legal standard.
White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).
Substantial evidence is more than a scintilla, but less than a
preponderance, it is such evidence as a reasonable mind might
accept to support the conclusion.  Lax v. Astrue, 489 F.3d 1080,
1084 (10th Cir. 2007); Gossett v. Bowen, 862 F.2d 802, 804 (10th
Cir. 1988).  The court may "neither reweigh the evidence nor
substitute [it's] judgment for that of the agency."  White, 287
F.3d at 905 (quoting Casias v. Sec'y of Health & Human Servs.,
933 F.2d 799, 800 (10th Cir. 1991)); Lax, 489 F.3d at 1084.  The
determination of whether substantial evidence supports the
Commissioner's decision is not simply a quantitative exercise,
for evidence is not substantial if it is overwhelmed by other

-4-

evidence or if it constitutes mere conclusion.  <u>Gossett</u>, 862 F.2d
at 804-05; <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual
can establish that he has a physical or mental impairment which
prevents him from engaging in substantial gainful activity and is
expected to result in death or to last for a continuous period of
at least twelve months.  42 U.S.C. § 423(d); <u>see also</u>, <u>Barnhart</u>
<u>v. Walton</u>, 535 U.S. 212, 217-22 (2002)(both impairment and
inability to work must last twelve months).  The claimant's
impairments must be of such severity that he is not only unable
to perform his past relevant work, but cannot, considering his
age, education, and work experience, engage in any other
substantial gainful work existing in the national economy.  <u>Id.</u>;
20 C.F.R. §§ 404.1520, 416.920 (2006).

The Commissioner has established a five-step sequential
process to evaluate whether a claimant is disabled.  20 C.F.R.
§§ 404.1520, 416.920; <u>Allen v. Barnhart</u>, 357 F.3d 1140, 1142
(10th Cir. 2004); <u>Ray</u>, 865 F.2d at 224.  "If a determination can
be made at any of the steps that a claimant is or is not
disabled, evaluation under a subsequent step is not necessary."
<u>Williams v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines
whether claimant has engaged in substantial gainful activity
since the alleged onset, whether he has severe impairments, and

whether the severity of his impairments meets or equals the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Id. at 750-51.  If claimant's impairments do not meet or equal the severity of a listed impairment, the Commissioner assesses claimant's RFC.  20 C.F.R. §§ 404.1520, 416.920.  This assessment is used at both step four and step five of the process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five, whether the claimant can perform his past relevant work, and whether he is able to perform other work in the economy.  Williams, 844 F.2d at 751.  In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show other jobs in the economy within plaintiff's capacity.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims that the ALJ erred in finding plaintiff's condition does not meet or equal Listing 1.02, in making the credibility analysis, in determining plaintiff's RFC, and in accepting the testimony of the vocational expert regarding jobs in the economy within plaintiff's capabilities.  The Commissioner denies each claim.  He argues plaintiff has not met his burden to show his condition meets or equals Listing 1.02; that substantial evidence supports the ALJ's credibility finding; that the ALJ

-6-

properly assessed plaintiff's RFC, and substantial evidence supports the assessment; and that the ALJ properly relied upon the testimony of the vocational expert.  The court finds that errors in evaluating the medical opinions materially affected the evaluation whether plaintiff's condition meets or equals the severity of Listing 1.02, the credibility evaluation, and the assessment of plaintiff's RFC.  Therefore, remand is necessary for the Commissioner to properly evaluate the medical opinions and to re-evaluate the step three determination, the credibility determination, and the RFC assessment in light of the medical opinions.  The court begins by considering the step three evaluation.

**III. Step Three - Whether Listing 1.02 Is Met or Equaled**

The ALJ determined plaintiff does not meet or equal Listing 1.02 because "the record does not establish claimant has been unable to ambulate effectively." (R. 20).  The ALJ explained that "no physician has restricted [plaintiff's] activities of daily living due to ambulation," "one physician noted that the claimant had minimal gait abnormality" and "the claimant's representative stated that he was not asserting that his claimant met or equaled a listing." Id.  Plaintiff admits that at the hearing he denied meeting or equaling the listing, but he argues that the ALJ nonetheless specifically considered the listing and that the uncontroverted testimony of plaintiff's girlfriend and

the medical opinions of Dr. Rosa, Dr. Koprivica, and Dr. Belville establish that plaintiff's condition meets or equals the listing. (Pl. Br. 3-4).  Plaintiff claims that his girlfriend testified he cannot shop due to an inability to ambulate effectively, that Dr. Rosa noted he ambulates with a notable limp, that Dr. Koprivica indicated a cane or walking stick would be recommended, and that Dr. Belville noted plaintiff would benefit from use of two single-point canes.  Id. at 4.  The Commissioner noted that plaintiff's counsel "explicitly declared that Plaintiff did not contend that his impairments met or equaled a listed impairment," but the Commissioner did not argue that any error at step three should be ignored because of the "invited error" doctrine. (Comm'r Br. 5-6).  Rather, he argued that plaintiff did not meet his burden to show his condition meets or equals a listing because plaintiff has never used a walker or two single-point canes.  Id.

Listing 1.02A can be met or equaled if plaintiff has a major dysfunction of the hips "resulting in inability to ambulate effectively."  20 C.F.R., Pt. 404, Subpt. P, App. 1 § 1.02A.  The regulations provide a general definition of inability to ambulate effectively as the inability to ambulate independently "without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities."  Id. § 1.00B2b.  They provide examples of inability to ambulate effectively including

"the inability to walk without the use of a walker, two crutches or two canes." Id.

As plaintiff argues, Dr. Belville performed a consultative examination for the Commissioner and indicated that plaintiff has "an antalgic gait and would benefit from 2 single point canes to help unload weight bearing through his hips." (R. 167). Dr. Belville also noted that plaintiff "ambulated independently without an assistive device," and that plaintiff had "Minimal gait abnormality." (R. 166).

The ALJ discussed Dr. Belville's report and noted the physician had opined that plaintiff had an antalgic gait, would benefit from two canes, and had minimal gait abnormality. (R. 21). The ALJ concluded the record does not establish inability to ambulate effectively in this case. (R. 20). However, the ALJ did not resolve the ambiguities inherent in Dr. Belville's report. He did not explain how an antalgic gait and two single-point canes can be reconciled with independent ambulation without an assistive device and can be found to be a minimal gait abnormality. He did not weigh Dr. Belville's opinion against the other medical opinions and did not discount any portion of Dr. Belville's opinion, but he did not assign any particular weight to Dr. Belville's opinion.

The court may not resolve the ambiguities left unresolved by the ALJ because it may not re-weigh the evidence. Herwig v.

-9-

Massanari, No. 00-5219, 2001 WL 1203053, 20 Fed. App'x 802, 805
(10th Cir. Oct. 10, 2001) (citing Tillery v. Schweiker, 713, F.2d
601, 603 (10th Cir. 1983)).  Therefore, the court is unable to
determine whether substantial evidence supports the ALJ's step
three evaluation.  Remand is necessary for the Commissioner to
properly weigh the medical opinions.  Thereafter, he must re-
evaluate his step three determination in light of the properly
evaluated medical opinions.

## IV.  Credibility Determination

Plaintiff claims the ALJ erred in determining plaintiff's
allegations of disabling symptoms are only partly credible.  He
claims the ALJ erred:  in failing to point to medical evidence
which undermined plaintiff's credibility or to have a medical
expert available to testify in that regard; in failing to
identify which statements he found not credible; and in finding
that plaintiff did not consistently seek treatment without first
ascertaining whether there is justification for plaintiff's
alleged failure.  He also claims that substantial evidence does
not support the credibility determination.  The Commissioner
argues that substantial evidence in the record supports the ALJ's
credibility determination.  As noted previously, the ALJ found
plaintiff's allegations only partly credible and stated eight
reasons in support of his determination.  (R. 22).

The Tenth Circuit has explained the three-phase framework for considering subjective testimony regarding symptoms.

> The framework for the proper analysis of Claimant's evidence of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling. Musgrave v. Sullivan, 966 F.2d 1371, 1375-76 (10th Cir. 1992) (citing Luna, 834 F.2d at 163-64).

Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993)(dealing specifically with evidence of pain).

An ALJ's credibility determinations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990). "Credibility determinations are peculiarly the province of the finder of fact." Diaz v. Sec'y of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). Therefore, in reviewing the ALJ's credibility determinations, the court will usually "defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility." Casias, 933 F.2d at 801. However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988).

The court finds no error in the alleged failure to point to medical evidence which undermined plaintiff's credibility or to

-11-

have a medical expert available to testify in that regard.
Plaintiff cites no authority, legal or medical, for this
proposition, and the court knows of none.  The ALJ must determine
whether there is a medically determinable impairment which might
produce the symptoms alleged and whether there is a "loose nexus"
between the impairment and the alleged symptoms.  He must also
affirmatively link his credibility findings to <u>evidence</u> in the
case record.  If those conditions are met, the ALJ must <u>consider</u>
both the medical evidence and all other evidence in the case
record regarding the alleged symptoms, but there is no particular
requirement that the ALJ have a medical expert available to
testify or that he cite to specific <u>medical</u> evidence which either
undermines or supports the credibility of plaintiff's
allegations.  While in the appropriate circumstances an ALJ may
need to do so, plaintiff points to no facts in this case which
compel such a course.

     As plaintiff argues, however, when an ALJ finds plaintiff's
allegations only partly credible he is required to explain what
part of the testimony he accepts and what part he rejects, and
why.  <u>McGoffin v. Barnhart</u>, 288 F.3d 1248, 1254 (10th Cir. 2002).
In <u>McGoffin</u>, the ALJ found Ms. McGoffin not credible to the
extent that her testimony conflicted with his conclusion that her
mental illness alone was not disabling.  <u>McGoffin</u>, 288 F.3d at
1254.  The court found, however, that the ALJ did not explain

-12-

what testimony he did not believe and why.  Id.  As in McGoffin, where an ALJ makes a finding of partial credibility without specificity, the court is left to speculate as to what testimony the ALJ found incredible and what testimony he found credible. Thus, the court cannot determine whether substantial evidence supports the partial credibility finding without weighing the evidence anew.  This is a duty beyond the court's jurisdiction in a Social Security case, and the court must remand for the Commissioner to explain what testimony he accepts and what testimony he rejects.

Plaintiff also claims the ALJ erred in finding plaintiff did not consistently seek treatment without first ascertaining whether there is justification for plaintiff's alleged failure. As plaintiff argues, the ALJ discounted plaintiff's credibility stating plaintiff did not consistently seek treatment for his alleged disabling impairments.  (R. 22).  The ALJ also found plaintiff had not alleged that free or low-cost medical care was unavailable to him.  Id.  Implicit in the ALJ's findings is a determination that plaintiff's inconsistent treatment is unjustified.  In an apparent attempt to overcome this problem, plaintiff points to evidence that Dr. Koprivica noted plaintiff could not afford his prescribed arthritis medication, and argues that the ALJ should have questioned plaintiff regarding the potentially financial reasons for the inconsistent treatment.

-13-

Plaintiff's argument ignores two important aspects of this case. First, as plaintiff admits, he testified at the hearing that he had been approved to receive his arthritis medication. (Pl. Br. 6) (citing (R. 248)). Therefore, Dr. Koprivica's statement does not constitute evidence that plaintiff could not receive treatment on a consistent basis. Second, although the ALJ has a duty to develop the record, where plaintiff is represented by counsel the ALJ is ordinarily "'entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored,' and the ALJ 'may ordinarily require counsel to identify the issue or issues requiring further development.'" Branum v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) (quoting Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997)). The ALJ found plaintiff's inconsistent treatment was unjustified, and plaintiff's counsel did not present evidence or argument which would require further inquiry into that finding.

Finally, on this record the court is unable to determine whether substantial evidence in the record supports the ALJ's credibility finding. Plaintiff claims that the medical opinions of Drs. Rosa, Kopravica, and Belville support the credibility of his allegations of disabling limitations. (Pl. Br. 5). Specifically, he argues that Dr. Rosa opined plaintiff is not able to work; that Dr. Kopravica's examination revealed plaintiff

was not magnifying symptoms, and that Dr. Kopravica recommended a

cane or walking stick and that plaintiff be allowed to change

position "from captive sitting to standing to walking"[2] at will;

and that Dr. Belville noted significant decreased range of motion

and antalgic gait, and opined that plaintiff would benefit from

two single-point canes.  (Pl. Br. 5).  As the court found above

regarding Dr. Belville's opinion and the court's ability to

evaluate the ALJ's step three determination, the court is unable

to determine whether the physicians' opinions support the ALJ's

credibility determination because the ALJ did not properly

evaluate the medical opinions, resolve the ambiguities and

inconsistencies within and between the medical opinions, and

explain the weight given the medical opinions and the reasons for

that weight.

     The Commissioner argues that the ALJ correctly noted that

Dr. Rosa did not opine that plaintiff could not perform any work

but that plaintiff could not return to his work as a trash

collector.  (Comm'r Br. 10).  The Commissioner also argues that

substantial evidence in the record supports the credibility

evaluation.  (Comm'r Br. 8-11).  As the Commissioner argues, the

ALJ found that Dr. Rosa opined plaintiff could not return to his

_____

     [2]Plaintiff misstates Dr. Kopravica's opinion.  The physician
stated that plaintiff should be allowed to change positions at
will "from captive sitting to standing or walking."  (R. 184)
(emphasis added).

-15-

then-current job as a trash collector.  (R. 21).  However, the
ALJ's credibility determination is a conclusory finding which is
not supported by any analysis or evaluation of the medical
opinions.

In evaluating medical opinions, an ALJ must first determine
whether the treating source(s) opinions are worthy of controlling
weight.  Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir.
2003).  If not, the treating source(s) opinions are "still
entitled to deference and must be weighed using all of the
factors provided in 20 C.F.R. § 404.1527 and 416.927."  Id.  All
medical opinions may not be ignored and, unless a treating source
opinion is given controlling weight, will be evaluated by the
Commissioner in accordance with the regulatory factors.  20
C.F.R. §§ 404.1527(d), 416.927(d); Soc. Sec. Ruling (SSR) 96-5p,
West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2007).

> When a treating physician's opinion is inconsistent
> with other medical evidence, the ALJ's task is to
> examine the other physicians' reports "to see if [they]
> 'outweigh[]' the treating physician's report, not the
> other way around."  Reyes v. Bowen, 845 F.2d 242, 245
> (10th Cir. 1988).

Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 289-90
(10th Cir. 1995).  After considering the regulatory factors, the
ALJ must give reasons in the decision for the weight he gives the
treating source opinion.  Watkins, 350 F.3d at 1301.  "Finally,
if the ALJ rejects [a treating source] opinion completely, he
must then give 'specific, legitimate reasons' for doing so."  Id.

-16-

(citing <u>Miller v. Chater</u>, 99 F.3d 972, 976 (10th Cir. 1996)

(quoting <u>Frey v. Bowen</u>, 816 F.2d 508, 513 (10th Cir. 1987)).  SSR

96-8p includes specific narrative discussion requirements for an

RFC assessment.  West's Soc. Sec. Reporting Serv., Rulings 149

(Supp. 2007).  That discussion is to cite specific medical facts

and non-medical evidence to describe how the evidence supports

each conclusion.  <u>Id.</u>  It must include an explanation how any

ambiguities and material inconsistencies in the evidence were

considered and resolved.  <u>Id.</u>  Where the ALJ's RFC determination

conflicts with a medical source opinion, the ALJ must explain why

he did not adopt the medical source opinion.  <u>Id.</u> at 150.

Here, the ALJ noted that Dr. Rosa is plaintiff's "primary

care physician," but he did not find Dr. Rosa is a treating

physician and he did not determine whether he might give Dr.

Rosa's opinion controlling weight.  (R. 20-21).  He did not

evaluate Dr. Rosa's opinion pursuant to the regulatory factors

and did not explain of what less-than-controlling weight he

determined the opinion was worthy.  He did not state whether he

had considered if Dr. Rosa's opinion was inconsistent with the

other medical opinions.  He did not examine the other physicians'

reports to determine if they outweigh Dr. Rosa's opinion.  He did

not engage in any relative weighing of the medical opinions or

specifically state the weight of which he determined each opinion

was worthy.  He did not acknowledge any ambiguities or

-17-

inconsistencies between or within the medical opinions and did not discuss or explain how any ambiguities had been resolved.

The ALJ summarized each medical opinion, but provided very little explanation of the weight given the opinions.  The ALJ noted the state agency physicians opined plaintiff could perform a wide range of sedentary work, and stated that "additional evidence including testimony by the claimant" indicates plaintiff is limited to a restricted range of sedentary work.  (R. 21).  He left the court to speculate regarding what specific testimony of the claimant he found credible and what evidence he relied upon in reaching that conclusion.  He noted that Dr. Koprivica is not a vocational expert and stated that plaintiff's access to the labor market is outside Dr. Kopravica's expertise.  Id.  He thereby implied without actually stating that he rejected Dr. Koprivica's opinion plaintiff had lost the ability to access the labor market.  Otherwise, he left plaintiff and any reviewing court to speculate regarding the weight accorded each medical opinion, the relative reliance placed upon each opinion, and how any ambiguities and inconsistencies were resolved.  This is error which prohibits the court from determining whether substantial evidence in the record supports the ALJ's credibility finding. Remand is required for the Commissioner to properly weigh the medical opinions and then to re-evaluate the credibility of

plaintiff's allegations of disabling symptoms in accordance with
the court's discussion above.

**V.    Residual Functional Capacity (RFC) Assessment**

Plaintiff claims the ALJ erred in his RFC assessment because
he failed to include a narrative discussion explaining why he
adopted Dr. Koprivica's opinion that plaintiff needs to change
positions at will from sitting to standing but did not adopt the
opinion that plaintiff must be allowed to change position at will
to walking, and failed to cite specific medical facts or non-
medical evidence supporting his RFC assessment.  (Pl. Br. 7-8).
The Commissioner summarizes evidence from the ALJ's decision and
asserts that the decision should be affirmed.  (Comm'r Br. 11-
13).  As discussed above, the court is unable to determine
whether substantial evidence in the record as a whole supports
the ALJ's RFC assessment because the ALJ did not properly
evaluate the medical opinions, and the court may not re-weigh the
evidence to decide issues not properly decided by the
Commissioner.  Remand is necessary for the Commissioner to
properly weigh the medical opinions and, based upon that
weighing, perform the step three evaluation and the credibility
evaluation, and make an RFC assessment including a narrative
discussion describing how the evidence supports each conclusion
and explaining how any material inconsistencies or ambiguities in
the evidence were considered and resolved.

-19-

**VI.   Vocational Expert Testimony**

Plaintiff claims the ALJ erred in accepting the testimony of the vocational expert because the expert's testimony did not appear impartial or reliable.  Because the case must be remanded for evaluation of the medical opinions, the court will not specifically address plaintiff's claims with regard to the vocational expert testimony.  However, the court will comment on the propriety of plaintiff's objection to the vocational expert testimony.  Plaintiff's counsel stated on the record that he had no objection to the qualifications of the vocational expert.  (R. 264).  Later however, plaintiff's counsel objected to the credibility of the expert, but the ALJ would not permit plaintiff's attorney to ask the expert to name a specific employer which had jobs as described by the expert and had hired individuals with the RFC assessed by the ALJ.  (R. 272-74). Plaintiff did not raise any specific argument regarding the qualifications of the expert.  It would be unusual indeed for a court to find an expert should be disqualified where plaintiff had conceded the expert's qualification.  Because plaintiff provided additional vocational expert opinion evidence to the Appeals Council, the record contains conflicting vocational evidence.  Thus, the issue before the court is not whether the vocational expert testifying at the hearing is qualified, but whether the vocational expert testimony should be credited over

the contrary opinion subsequently provided.  Therefore, were the court to review the record, it would be required to affirm the Commissioner's evaluation of the vocational experts' opinions if the ALJ or the Appeals Council provided an evidentiary basis to credit one opinion over the other, so long as that basis is supported by more than a scintilla of evidence, even if it is supported by less than a preponderance of the evidence.  <u>Lax</u>, 489 F.3d at 1084.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision be REVERSED and that JUDGMENT be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case to the Commissioner for further proceedings in accordance with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Hill v. SmithKline Beecham Corp.</u>, 393 F.3d 1111, 1114 (10th Cir. 2004).

Dated this 24th day of September 2007, at Wichita, Kansas.


s/John Thomas Reid
**JOHN THOMAS REID**
**United States Magistrate Judge**